UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA A. CANADY, | |
| Petitioner, | Case No. C18-1005-JCC-MAT |
| v. | REPORT AND RECOMMENDATION |
| TAMI JO AIKEN, | |
| Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Debra Canady seeks to challenge in this action her 2009 Snohomish County Superior Court judgment and sentence. (*See* Dkt. 4.) Respondent has filed an answer to the petition together with relevant portions of the state court record. (Dkts. 18, 19.) Respondent argues in her answer that petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Dkt. 18.) Petitioner has filed no response to respondent's answer. This Court, having reviewed petitioner's petition, respondent's answer thereto, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

On May 14, 2009, petitioner was found guilty, following a jury trial, on a charge of first degree murder with a deadly weapon enhancement. (*See* Dkt. 19, Ex. 1 at 1.) Petitioner was sentenced on June 2, 2009 to a total term of 336 months confinement. (*Id*., Ex. 1 at 6.) Petitioner appealed her conviction to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming petitioner's conviction on April 18, 2011. (*See id*., Exs. 2-4.) Petitioner thereafter sought review by the Washington Supreme Court. (*Id*., Ex. 5.) The Supreme Court denied review without comment on November 3, 2011. (*Id*., Ex. 6.)

On November 26, 2012, petitioner filed a personal restraint petition in the Washington Court of Appeals. (*Id*., Ex. 7.) The Acting Chief Judge of the Court of Appeals issued an order dismissing the petition on January 23, 2013. (*Id*., Ex. 8.) Petitioner thereafter sought review by the Washington Supreme Court, and the Supreme Court Commissioner issued a ruling denying review on October 1, 2013. (*Id*., Exs. 9, 10.) Petitioner moved to modify the Commissioner's ruling, and the Chief Justice of the Supreme Court denied the motion on January 8, 2014. (*Id*., Exs. 11, 12.)

On July 16, 2018, petitioner filed a second personal restraint petition in the state courts. (*Id*., Ex. 13.) The Acting Chief Judge of the Washington Court of Appeals issued an Order dismissing the petition on September 7, 2018. (*Id*., Ex. 14.) Petitioner apparently did not seek any further review by the Washington Supreme Court following the Court of Appeals' dismissal of her second personal restraint petition.

Petitioner now seeks federal habeas review of her conviction. Petitioner signed her federal

REPORT AND RECOMMENDATION
PAGE - 2

habeas petition on June 25, 2018, and the Court received the petition for filing on July 6, 2018.[1] (*See* Dkts. 1, 4.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied petitioner's petition for review on direct appeal on November 3, 2011. (Dkt. 19, Ex. 6.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately February 1, 2012, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner apparently did not file a petition for writ of certiorari, her conviction became final on or about February 1, 2012. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one-year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on November 26, 2012, which stopped the clock on the federal

---

[1] This action was stayed between October 17, 2018 and May 13, 2019 while petitioner pursued her remedies in the state courts. (*See* Dkts. 14, 17.)

REPORT AND RECOMMENDATION
PAGE - 3

statute of limitations. At that time, 299 days had run on the statute of limitations. The Washington Supreme Court issued its order denying petitioner's motion to modify the Commissioner's ruling in petitioner's personal restraint proceedings on January 8, 2014, thus concluding review in the state courts. The statute of limitations began to run again the following day, January 9, 2014, and expired 66 days later on March 16, 2014.[2]

Petitioner signed her petition for writ of habeas corpus on June 25, 2018, over four years after the statute of limitations expired. Thus, petitioner's petition is clearly untimely under the federal statute of limitations. Petitioner does not argue otherwise. In fact, petitioner acknowledges in her petition and in her supporting materials that the AEDPA statute of limitations long ago expired. (*See* Dkt. 4 at 8, 13; Dkt. 4-2 at 19.) Petitioner asserts, however, that she is entitled to an exception to the statute of limitations based on her actual innocence. (*See id*.)

The United States Supreme Court has held that there is an equitable exception to the AEDPA statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that tenable actual innocence claims are rare. *Id*. "[A] petitioner does not meet the threshold requirement unless [s]he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find h[er] guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support h[er] allegations of constitutional error with new reliable evidence –

---

[2] While petitioner filed a second personal restraint petition in the state courts in July 2018, that petition did not act to toll the limitations period because the statute of limitations had already expired by the time the petition was filed.

REPORT AND RECOMMENDATION
PAGE - 4

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner does not present in this action any new evidence of her innocence, she merely argues that the evidence presented at trial was insufficient to support her conviction. (*See* Dkt. 4-2 at 19-24.) Petitioner's argument alone is insufficient to meet the very demanding *Schlup* standard. Absent *new* reliable evidence of her actual innocence, petitioner's attempt to avoid the time-bar necessarily fails.

Because petitioner filed her petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that she is exempt from the statute of limitations because of her "actual innocence," petitioner's petition is time-barred and must therefore be dismissed.

### Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

### CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 5

This Court further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 4, 2019**.

DATED this 10th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge